**UNITED STATES of America, Plaintiff,**

v.

**Larry J. BRIDGES, Defendant.**

**No. 92–00234–01–CR–W–6.**

United States District Court,
W.D. Missouri, W.D.

May 7, 1993.

Marietta Parker, Matt Whitworth, Asst. U.S. Attys., Kansas City, MO, for plaintiff.

James L. Eisenbrandt, Overland Park, KS, and G. Stan Master, Terry J. Thum, Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

SACHS, Senior District Judge.

Defendant Bridges is being prosecuted for bank fraud (18 U.S.C. § 1344) and for transferring funds derived from criminal activity (bank fraud). 18 U.S.C. § 1957. He is also accused of aiding and abetting. A four day trial resulted in a hung jury. Before the court are motions for acquittal pursuant to Rule 29(c), Federal Rules of Criminal Procedure.

Although there are two alternative charges possible under the bank fraud statute, the indictment, proposed instructions, briefing and argument show that this case is prosecuted as an "intent to defraud" case, pure and simple. *Compare,* dissenting opinion of Judge Jolly in *United States v. Saks,* 964 F.2d 1514, 1526–27 (5th Cir.1992). The Government contends it is entitled to a second trial, under the majority opinion in the *Saks* case, using the broad concept of intent to defraud contained in that opinion.

■ It is improbable, as will be shown, that the majority opinion in *Saks* is consistent with Eighth Circuit law and model instructions, which will generally be followed by me until declared inappropriate.[1] As will be discussed further, however, *Saks* holds that there must at least be a demonstration that a bank fraud defendant, prosecuted under the "intent to defraud" alternative, contemplates harm to the bank, at least by exposing it to unusually "high risk." 964 F.2d at 1519. If there was risk suggested in the present case, it cannot be classified as high risk, or anything demonstrably more hazardous than the risk of a normal loan.[2]

Eighth Circuit law appears to be consistent with the law generally in making critical distinctions between prosecutions seeking to punish those responsible for deceiving financial institutions and prosecutions seeking to punish persons who attempt to defraud such institutions. Causing loans to be made by deceptive means is frequently punished as a crime. *See, e.g., United States v. Marx,* 991 F.2d 1369 (8th Cir.1993); *United States v. Steffen,* 641 F.2d 591 (8th Cir.1981). On the other hand, where intent to defraud is the test, it has been held in a nominee loan situation that the defendant is entitled to an

---

1. If the Eighth Circuit model instruction on "intent to defraud" is a bad one, this case may provide an opportunity for correction. It will be observed that the Government flinched from using the model language in its proposed instructions here, which suggests some understanding that its proof on the question of contemplated "detriment" was insufficient. *See* Eighth Circuit Model Criminal Instruction 6.18.1341 (mail fraud). It is my recollection of the opening statement, moreover, that it avoided reference to evidence supporting a charge of intent to defraud, in the sense used in this opinion.

2. The Government's most current citations, *United States v. Swearingen,* 858 F.2d 1555 (11th Cir.1988), *cert. den.,* 489 U.S. 1083, 109 S.Ct. 1540, 103 L.Ed.2d 844 (1989), and *United States v. Farrell,* 609 F.2d 816 (5th Cir.1980), deal with situations where collectibility was obviously and significantly undermined. This is not arguable from the specific evidence in this case, unless one is to impute fraud (likely harm) in all instances of undisclosed nominee loans. I do not believe the jury was entitled to draw such an inference from the background testimony of Sandefur, the expert witness who explained the general rationale of regulation, in light of the specific evidence introduced by the Government. In any event, the argument conflicts with the *Parsons* case, *infra.*

instruction that the prosecution must show that the nominal borrower lacked the ability or intent to repay. *United States v. Parsons*, 646 F.2d 1275, 1279 n. 7 (8th Cir.1981). In *Parsons* the court affirmed convictions for deception where the instruction had not been given, but reversed convictions for intent to defraud, absent the instruction.

A distinction between this case and *Parsons* is that in *Parsons* the nominee loans were for the benefit of third parties, whereas in this case the nominee loan (if entitled to the characterization) was for the benefit of defendant. This is immaterial, given the requirements of intent to defraud, applicable in both cases.

Using the *Parsons* test, the Government makes no claim here that the nominal borrower, Biggs, lacked either the ability or intent to repay the loan, or that he ever so acknowledged, even when he was fully cooperating with the prosecution. Going beyond *Parsons*, however, to give the Government the benefit of the somewhat less specific instructions now used in the Eighth Circuit for "intent to defraud" cases, I find the contentions of the Government too speculative to allow retrial.

The Government has presented several theories of potential harm. It is said that nominee borrowers in general may tend to resist collection efforts, if their sources of repayment become shaky. In this case, however, Biggs obtained a promissory note from Bridges; he was not in a trap which might cause frivolous resistance to collection efforts by the bank. There is no suggestion that any purported defense by Biggs would be anything but frivolous, in the unlikely event he should change the firm intent and ability to repay that existed when the loan was made. There was no showing that Biggs was an abnormally weak credit risk.[3] The Government also made argument to the effect that the nominal loan to Biggs may have precluded the bank from making a normal loan. This was speculative, as was the theory that the Biggs loan might be less collectible than the "normal" loan. All loans have some risks, and there is nothing to support a contention that the Biggs loan in particular was actually a high risk transaction, under the circumstances in evidence.[4]

■ The Government's argument that actual loss is not an element in a bank fraud prosecution is sound. *United States v. Solomonson*, 908 F.2d 358 (8th Cir.1990). But *Solomonson* does not relieve the Government from proving in a bank fraud case that there was an attempt to defraud or an intent to defraud, at least in the less invidious sense of anticipating harm or high risk. *See United States v. Starr*, 816 F.2d 94, 98 (2d Cir.1987), cited in *Solomonson*. Quoting from an earlier Second Circuit decision, *Starr* said (at 100), " 'we conclude that the defendants intended to deceive their customers but they did not intend to defraud them.' "[5] Under the most favorable view of the Government's evidence here, that must also be said of defendant Bridges.

3. Dickson, the bank official with the most authority, chuckled that there were two persons to look to for payment, realizing that Biggs was probably borrowing for Bridges. Dickson's appraisal of collectibility was apparently a sound one. In light of my principal ruling, it is unnecessary to consider another problem in this case, whether "the bank" was deceived when its senior officer apparently was not.

4. Any financial weakening of Bridges as a formal or informal guarantor may be immaterial when the bank was willing to rely entirely on the unsecured credit of Biggs who could have used the proceeds to gamble in Las Vegas.

5. In considering the intent to defraud alternative under the misapplication statute (18 U.S.C. § 656), the late Judge Friendly offered the following analysis, which seems applicable to this case: "[T]here was clearly no sufficient evidence of intent to 'injure' the bank ... As to defrauding, even if we assume arguendo that failure to disclose the true recipient of the proceeds was a misrepresentation, the case lacks the element of foreseeability of damages essential even for a civil suit." *United States v. Docherty*, 468 F.2d 989, 995 (2d Cir.1972). While the *Docherty* result has been much debated, under the rather elusive misapplication statute, it is difficult to question the intent to defraud aspect, particularly in this Circuit, after *Parsons*. *Docherty* further demonstrates that one cannot properly classify all nominee loans for the benefit of an undisclosed recipient as invariably having a financially harmful tendency, as the Government now seeks to do through the generalizations of its expert witness.

Assuming arguendo that defendant has failed to establish grounds for acquittal in twelve of his fourteen points asserted in support of his motion, I agree that points six and seven (a rephrasing of six) are sound and that an acquittal is required on Count 1 and all the remaining dependent counts.

SO ORDERED.